UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | | |
|---|---|---|---|
| EDWARD ALLEN GARDNER, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Case No. | CV416-138 |
| | ) | | CV416-139 |
| GREG PARKER et al., | ) | | CV416-140 |
| | ) | | CV416-141 |
| Defendants. | ) | | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Edward Gardner has filed four cases[1] against a gas station and three homeless shelters, alleging that each establishment violated the Americans with Disabilities Act (ADA) by denying him access because of his service dog. *See, e.g.*, CV416-138, doc. 1 at 5. He also sought leave to proceed *in forma pauperis* (IFP). *See, e.g.*, CV416-138, doc. 2. Each IFP motion contained deficiencies (they were completely blank), so the Court ordered Gardner to provide additional information and submit an amended motion no later than June 27, 2016. *See, e.g.*, CV416-138, doc. 3 at 3-4.

---

[1] *Gardner v. Parker*, CV416-138; *Gardner v. Kelly*, CV416-139; *Gardner v. Pryor*, CV416-140; *Gardner v. Allison*, CV416-141.

He finally attempted to comply on July 6, 2016. *See, e.g.*, CV416-138, doc. 4; CV416-140, doc. 4. Even if timely (it wasn't), the attempts failed because Gardner did not to provide all the additional information the Court requested.[2] His amended motions reveal that he receives $733/month in Supplemental Security Income payments (CV416-138, doc. 4 at 1), that he has $47.81 in a bank account, does not own a car or other assets, and spent $740.34 at Motel 6 from April 27, 2016 to July 1,

---

[2] The Court required Gardner to answer seven questions:

(1) What he spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance he may receive;

(2) Where he gets the money to pay for those expenses (include all "off-the-books" income, whether in cash or in-kind);

(3) Whether he owns any means of transportation and, if he does not, whether he has regular access to same, as owned by another (including a rental company);

(4) Whether he possesses a cellular telephone, TV set, and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees);

(5) Whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(6) Whether he anticipates any future income within the next year;

(7) A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

CV416-138, doc. 3 at 3-4.

2016. *Id.* at 2. It says nothing about what Gardner spends on food or the value of any public assistance (other than SSI) he receives (question one); any income sources beyond those listed on the pre-printed IFP form (question two); or any cases in which he previously received IFP status (question seven).

Having failed to follow the Court's Order despite warnings that doing so would result in a dismissal recommendation (*see, e.g.*, CV416-138, doc. 3 at 4), Gardner's Complaints (in CV416-138, CV416-139, CV416-140, and CV416-141) should be **DISMISSED WITHOUT PREJUDICE**. *See* L.R. 41(b); *see Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (district courts may *sua sponte* dismiss an action pursuant to Fed. R. Civ. P. 41(b) if the plaintiff fails to comply with court rules or a court order); *McKinley v. FDIC*, 2016 WL 930291 at * 2 (11th Cir. Mar. 11, 2016) (affirming this Court's complaint dismissal for failure to comply with a court order after plaintiff failed to amend her complaint as directed).

**SO REPORTED AND RECOMMENDED,** this  7th  day of July, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4